UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 20-CR-117 (DLF) |
| | : | |
| GRAHAM LLOYD, | : | |
| RYAN LANE, | : | |
| LEE MICHAEL CANTRELL, | : | |
| CONNOR JUDD, | : | |
| UZZIAH HAIRSTON, | : | |
| | : | |
| Defendants. | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

**I.  Summary of the Plea Agreement**

Defendant Ryan Lane agrees to admit guilt and enter a plea of guilty to Restricted Building or Grounds, in violation of 18 U.S.C. §§ 1752(a)(2) and 1752(b)(2), which is charged in Count 1 of the Information.

**II.  Elements of the Offense**

The essential elements of the offense of Restricted Building or Grounds, in violation of 18 U.S.C. §§ 1752(a)(2) and 1752(b)(2), each of which the Government must prove beyond a reasonable doubt, are:

1. that the defendant knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engaged in disorderly or disruptive conduct;

2. that the defendant engaged in such conduct in, or within such proximity to, any restricted building or grounds; and

3. that the defendant did so when, or so that, such conduct, in fact, impeded or disrupted the orderly conduct of Government business or official functions.

## III. Penalties for the Offense

The penalty for Restricted Building or Grounds, in violation of 18 U.S.C. §§ 1752(a)(2) and 1752(b)(2), is as follows:

1. a maximum term of imprisonment not greater than one year;
2. a fine not to exceed $100,000;
3. a term of supervised release of not more than one year, after any period of incarceration; and
4. a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

## IV. Statement of the Facts

The following proffer of evidence is intended to provide the necessary factual predicate for the guilty plea in this case, rather than a complete statement of all the facts known by the parties. Had this case gone to trial, the Government's evidence would prove the following:

1. The White House complex, which includes, among other things, the White House Mansion and the White House grounds, is a restricted area in Washington, D.C.

2. Lafayette Park is located immediately across Pennsylvania Avenue NW and directly north of the White House and the White House complex. The Equestrian Statue of Andrew Jackson and historic cannons are displayed at the center of the park. Lafayette Park is located on property owned by, or under the jurisdiction of, the Federal Government. The Equestrian Statue of Andrew Jackson is always surrounded by a low, metal fence to prevent public access.

3. The defendant knew and understood that Lafayette Park, including the fenced-in area around the Statue, is in close proximity to the White House and the White House complex, which are restricted areas.

4. On June 22, 2020, a large group of persons, including but not limited to the defendant, gathered in Lafayette Park and participated in a large demonstration. In addition to the normal low, metal fence surrounding the Equestrian Statue of Andrew Jackson, the Statue was also surrounded by larger, chain-link fences. The crowd dismantled those fences in order to access the Statue, where it was subsequently vandalized. During the course of the event, an aggregate of approximately $34,000 worth of damage was done to the Statue and surrounding historic cannons and cannon carriages.

5. The demonstration and ensuing damage to United States government property caused and required dozens of law enforcement officers from the United States Park Police and the Metropolitan Police Department to respond to Lafayette Park to secure the park and the safety of the persons and property therein.

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By: _/s/ Christopher A. Berridge_
Christopher A. Berridge
Assistant United States Attorney
GA Bar No. 829103
Christopher.Berridge@usdoj.gov

Thomas G. Strong
Assistant United States Attorney
NY Bar No. 4958658
Thomas.Strong@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to one count of Restricted Building or Grounds, in violation of 18 U.S.C. §§ 1752(a)(2) and 1752(b)(2). I have discussed this Statement of Offense fully with my attorney, Danny Onorato. I fully understand this Statement of Offense and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

Date: 9/8/21

_____
Ryan Lane

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Statement of Offense related to my client's guilty plea to one count of Restricted Building or Grounds, in violation of 18 U.S.C. §§ 1752(a)(2) and 1752(b)(2). I have reviewed the entire Statement of Offense with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this Statement of Offense.

Date: 9/8/21

_____
Danny Onorato, Esq.
Attorney for Defendant